296

CENTRAL TRANSPORT, INC. ET AL., APPELLANTS,
*v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Cent. Transport, Inc. v. Tracy* (1995), 72 Ohio St.3d 296.]

(No. 94–1449—Submitted February 16, 1995—Decided June 14, 1995.)

Rendigs, Fry, Kiely & Dennis, D. Michael Poast and B. Scott Boster, for appellants.

Betty D. Montgomery, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellee.

---

*Per Curiam.* Appellants contend they are not subject to sales and use tax assessments, but are entitled to exemption under the Commerce Clause of the United States Constitution, and R.C. 5739.02(B)(10) and 5741.02(C)(3). Appellants claim that the activities in question have no substantial nexus with the state of Ohio, since the taxed items are not stored or even opened in Ohio, but are placed almost immediately on an outgoing truck headed out of state. Thus, appellants claim, the assessments are not within Ohio's taxing power under the federal Commerce Clause.

The BTA, citing *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 630 N.E.2d 329, found that the vendors of the items in question "transferred title, or possession, or both, of the purchased items to Central * * * at the Toledo terminal" and Central "proceeded to exercise [its] rights of ownership and possession relative to storage, [or] use, * * * while under the various governmental protections of the State of Ohio, upon taking such title or possession, or both, at the Toledo terminal [which] constitute[d] a legal basis for the tax assessments." Accordingly, the BTA affirmed the sales and use tax assessments.

Our review leads us to consider the four-part test set forth in *Complete Auto Transit, Inc. v. Brady* (1977), 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326. According to *Complete Auto Transit*, a tax does not violate the Commerce Clause if (1) the taxed activity has a substantial nexus with the taxing state, (2) the tax is fairly apportioned, (3) the tax does not discriminate against interstate commerce, and (4) the tax is fairly related to benefits provided by the state. Appellants argue that the required "substantial nexus" is absent in this case. We disagree.

In *Norandex, supra*, 69 Ohio St.3d at 29, 630 N.E.2d at 332, we examined the taxpayer's claim that it did not exercise any right or power incidental to ownership while the goods in question were in Ohio, and that the activity being taxed did not have a substantial nexus with Ohio. We concluded that since *Complete Auto Transit* was decided, "we have not needed to consider whether the property 'came to rest' in Ohio; instead, we must find a taxable event, in this case a use of the property, and apply the *Complete Auto Transit* test."

In analyzing the instant claim, we must determine whether the taxpayers exercised rights of ownership and control over the property, and whether this exercise occurred in Ohio. In this case, the evidence establishes that Central did exercise rights of ownership in Ohio. Central took title to and possession of the

property at the dock facility in Toledo. In dealing with the disputed property, Central's employees moved the items from shipping pallets, removed coverings as necessary, inspected the items, and moved them to appropriate outgoing vehicles in accordance with prior instructions, or by instructions given by the dock supervisors. That all of this activity may have consumed only a few minutes, and in all cases less than a few hours, is of no significance. This exercise of rights over the property is the taxable event, and this exercise occurred in Ohio, providing a substantial nexus with Ohio.

The decision of the BTA is not unreasonable or unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, PFEIFER and COOK, JJ., dissent.

COOK, J., dissenting. I respectfully dissent. The decision of the BTA should be reversed and Central Transport found not liable for these assessments because the required "substantial nexus" with Ohio is absent.

As this court stated in *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 29, 630 N.E.2d 329, 332, in order for Ohio to impose a tax, a taxable event must occur *and* the four-prong test of *Complete Auto Transit, Inc. v. Brady* (1977), 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326, must be satisfied.

Although it can be argued that a taxable event as to the disputed property occurred in Ohio when Central took title to and possession of the property at the Toledo facility, such a finding is not enough to allow Ohio to collect a tax. The court must further find, under the first prong of the *Complete Auto Transit* test, that the taxed activity has a substantial nexus with the taxing state. In *Norandex,* the company's Cleveland office placed the order for the disputed property. In support of its finding of the substantial nexus, the *Norandex* court cited the following facts: The Cleveland office of "Norandex set up the ordering system and controlled the branch employees who ordered and ultimately obtained the cases. It centrally ordered the cases, received them, and controlled their disposition. These exercises of ownership and control over these cases, the taxed activities, happened in Ohio and satisfied the substantial nexus prong." *Norandex,* 69 Ohio St.3d at 31, 630 N.E.2d at 333.

Unlike the property in *Norandex,* the Central Transport property merely passed through the Toledo terminal during, and as part of, an interstate commerce transportation process. Central made the purchases from its principal place of business in Michigan. The property, when it arrived at the cross-dock in Toledo, was not opened or stored because Central's Toledo terminal was a truck-to-truck operation. The property in its original packaging was immediately

placed on an outgoing truck headed for the out-of-state destination as previously directed by the principal office in Michigan. Moreover, because Central made its determination as to where items would be delivered in Michigan at the time of the purchase, the workers at the cross-dock did not decide where to ship the property.

Accordingly, I would hold that the decision of the BTA is unreasonable and would reverse that decision.

WRIGHT and PFEIFER, JJ., concur in the foregoing dissenting opinion.